IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAMUEL SALDAÑA, | ) | No. C 09-1288 MMC (PR) |
| Plaintiff, | ) | **ORDER OF PARTIAL DISMISSAL AND SERVICE** |
| v. | ) | |
| MICHAEL S. EVANS, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

On March 24, 2009, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B. Plaintiff's Claims

Plaintiff complains about events that occurred when he was incarcerated on lockdown status at PBSP.  Specifically, plaintiff alleges that as the result of a melee between Northern and Southern Hispanic inmates, both groups were placed on lockdown and kept separate from each another.  According to plaintiff, however, thereafter, on July 12, 2008, plaintiff and his cellmate, who are both Northern Hispanics, were in their cell when defendant correctional officer S. Walsh ("Walsh") opened the cell door while two Southern Hispanics were out of their cells, and when plaintiff and his cellmate stepped out of their cell to see why the door had been opened, they were attacked by the Southern Hispanic inmates, resulting in plaintiff's suffering severe injuries.

Plaintiff claims his constitutional rights were violated by Walsh's actions.  He seeks monetary damages and injunctive medical relief.

1. Safety Claim

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  Id. at 833.  The failure of prison officials to protect inmates from attacks by other inmates violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety.  Id. at 834.  Allegations in a pro se complaint that are sufficient to raise an inference that the named prison officials acted with deliberate indifference – i.e., that they knew the plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it – state a "failure-to-protect" claim.  Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005).

Here, plaintiff's allegations, when liberally construed, suffice to raise an inference that

Walsh knew plaintiff faced a substantial risk of serious harm if he was not kept separate from Southern Hispanic inmates, and that Walsh, by opening plaintiff's cell door when Southern Hispanic inmates were out of their cells, failed to take reasonable measures to abate that risk. Consequently, the Court finds plaintiff has stated a cognizable Eighth Amendment claim against defendant Walsh.

2. Request for Injunctive Relief

In the section of the form civil rights complaint wherein a plaintiff is asked to state the relief he seeks, plaintiff, in addition to requesting monetary damages for the injuries he alleges he suffered, asks for "an order for outside medical treatment . . . ." (Compl. at 3-V.) Plaintiff, however, has alleged no facts in his complaint pertaining to the medical care he has received for his injuries. Specifically, he has not alleged facts showing he has sought but not been provided with adequate care, that he has suffered injury as a result thereof, and that specific individuals are responsible for failing to provide such care. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976) (holding determination of deliberate indifference to serious medical needs involves examination of seriousness of prisoner's medical need and nature of defendant's response to that need). Further, in contrast to his safety claim, he has neither alleged nor attached to his complaint exhibits that show he has pursued through the administrative appeals process a medical claim regarding the adequacy of care for his injuries. Consequently, plaintiff's request for injunctive relief is wholly unsupported by the allegations in the complaint and will be denied.

If plaintiff wishes to bring a claim for deliberate indifference to his serious medical needs, he may do so by filing a new action in which he alleges with specificity the care he has been denied, the injury he has suffered as a result, and the individuals responsible for denying him such care. Any such claim must be fully exhausted pursuant to 42 U.S.C. § 1997e(a) before plaintiff files suit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

3. Defendant Jacquez

In both the caption of the form civil rights complaint and the section of the complaint asking plaintiff to state the names of the defendants he is suing, plaintiff names as defendants

3

both Walsh and another individual, Francisco Jacquez.  Nowhere in the body of the complaint, however, does plaintiff mention Francisco Jacquez.  Instead, the only reference to Francisco Jacquez is found in exhibits attached to the complaint.

Specifically, the exhibits show the following: Plaintiff filed a misconduct complaint against Walsh by way of the administrative appeals process, asking that a full investigation be conducted, that Walsh be found to have acted inappropriately, and that Walsh be admonished to refrain from such misconduct in the future.  (Compl. Ex. "Inmate/Parolee Appeal Form" dated Aug. 16, 2008.)  PBSP Acting Warden Francisco Jacquez ("Jacquez") partially granted plaintiff's appeal: he found Walsh had violated California Department of Corrections and Rehabilitation ("CDCR") policy by opening plaintiff's cell door when Southern Hispanics were also out of their cells, but, citing confidentiality concerns, he declined to provide plaintiff with information about the details of the investigation or what further administrative action might be taken.  (Compl. Ex. "Staff Complaint Response" dated Sept. 26, 2008.)  Plaintiff appealed the decision, asserting it was perfunctory and inadequate.  The appeal was denied at the Director's level of review on the ground that the investigation had found Walsh violated CDCR policies and that further action was required, but that plaintiff was not entitled to further information about personnel matters.  (Compl. Ex. "Director's Level Appeal Decision" dated Jan. 20, 2009.)

The Court finds no cognizable claim for relief against Jacquez can be stated even when the allegations in the complaint, including the exhibits, are liberally construed.  At most, plaintiff is attempting to assert a claim based on Jacquez's failure to fully grant his administrative appeal by informing him about the details of the investigation and whether disciplinary action might be taken against Walsh.  Plaintiff, however, has no constitutional right to have his appeal processed or decided in a particular manner.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  Further, to the extent plaintiff might be attempting to assert a claim based on Jacquez's supervisory authority as the PBSP Acting Warden, no claim has been stated because under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another.  See Taylor v. List, 880

4

F.2d 1040, 1045 (9th Cir. 1989).

Accordingly, for the foregoing reasons, Jacquez will be dismissed as a defendant to this action. If, during the course of these proceedings, plaintiff discovers facts upon which he can assert a viable claim for relief against Jacquez, he may move to amend the complaint to add Jacquez as a defendant.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's request for injunctive relief is hereby DENIED.

2. Defendant Francisco Jacquez is hereby DISMISSED without prejudice as a defendant to this action.

3. Plaintiff states a cognizable claim for deliberate indifference to his safety. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, <u>a copy of the complaint in this matter, all attachments thereto, and a copy of this order</u> upon the defendant **Correctional Officer S. Walsh** at Pelican Bay State Prison. The Clerk shall also <u>mail courtesy copies</u> of the complaint and this order to the California Attorney General's Office.

4. Within **ninety (90)** days of the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim found to be cognizable above.

   a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> <u>denied</u> <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the**

5

**opinion that this case cannot be resolved by summary judgment, defendants shall so inform the Court prior to the date the summary judgment motion is due.**

  5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

    a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants <u>shall</u> file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

IT IS SO ORDERED.

DATED: August 28, 2009

MAXINE M. CHESNEY
United States District Judge