IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL SALDAÑA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> S. WALSH, ) <br> ) <br> Defendants. ) <br> _____ ) | No. C 09-1288 MMC (PR) <br><br> **ORDER DENYING MOTION TO STAY CASE PENDING EXHAUSTION OF ADMINISTRATIVE REMEDIES** <br><br> **(Docket No. 8)** |

On March 24, 2009, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By order filed August 28, 2009, the Court found plaintiff stated a cognizable claim for damages for alleged deliberate indifference to plaintiff's safety by correctional officer S. Walsh ("Walsh"). The Court ordered the complaint served on defendant Walsh and scheduled the filing of a dispositive motion within ninety days of the date the order was filed, i.e., November 28, 2009.

Additionally, the Court dismissed without prejudice plaintiff's claim for injunctive medical relief, on the ground plaintiff had alleged no facts indicating he had sought and been denied medical care and that he had exhausted his state administrative remedies with respect to such claim. The Court informed plaintiff that if he wishes to bring a claim for deliberate indifference to his serious medical needs, he may do so by filing a new action in which he alleges with specificity the care he has been denied, the injury he has suffered as a result, and the individuals responsible for denying him such care. Further, any such claim must be fully

exhausted pursuant to 42 U.S.C. § 1997e(a) before plaintiff files suit.  (Order, filed Aug. 28, 2009, at 3:7-26.)

Now pending before the Court is plaintiff's motion to put this action "on hold" so that he may exhaust his state remedies and also look into whether there is an attorney who will take on the case as a criminal case "so that [he] would have a better chance at a civil case." (Motion, filed Sept. 21, 2009.)  Additionally, plaintiff asks the Court to appoint a private attorney in Crescent City, James Fallman, to represent him.

Plaintiff's request to stay the action pending exhaustion of his administrative remedies will be denied.  As an initial matter, it appears that plaintiff's deliberate indifference to safety claim is already exhausted, as evidenced by the facts pleaded in plaintiff's complaint, on which the Court relied in its order of service and which indicate plaintiff's claim was denied on the merits at the Director's level of review.  (Order at 4:4-18.)  Further, as noted above, if plaintiff is seeking to exhaust his medical claim, such claim must be brought in a new action after it is exhausted.  Consequently, there is no unexhausted claim at issue in the instant action, and thus no reason for a stay to exhaust administrative remedies.  If plaintiff, however, wishes to voluntarily dismiss the instant action and file a new action at some later date, he is free to do so by notifying the Court prior to the filing either of an answer or a motion for summary judgment by defendant Walsh.  See Fed. R. Civ. P. 41(a)(1)(i) (providing plaintiff has absolute right to dismiss action by filing notice of dismissal "at any time before service by the adverse party of an answer or of a motion for summary judgment").

Plaintiff's request for appointment of counsel also will be denied.  There is no constitutional right to counsel in a civil case such as this.  See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).  Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).  A

2

finding of "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. If plaintiff chooses to proceed with the instant action and the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

For the foregoing reasons, plaintiff's requests to stay the instant action and for appointment of counsel are hereby DENIED. At this time, defendant Walsh is scheduled to file a dispositive motion by November 28, 2009. If plaintiff intends to proceed with the prosecution of this action, he must comply with the schedule for filing an opposition to Walsh's motion, as set forth in the order of service. (Order at 6:3-4.) If plaintiff intends to voluntarily dismiss the action, he must so notify the Court and defendant Walsh before Walsh files either an answer or a motion for summary judgment.

This order terminates Docket No. 8.

IT IS SO ORDERED.

DATED: October 1, 2009

MAXINE M. CHESNEY
United States District Judge